IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SHARON LEE on behalf of herself individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ARGENT TRUST COMPANY, CHOATE CONSTRUCTION COMPANY ESOP COMMITTEE, CHOATE CONSTRUCTION COMPANY BOARD OF DIRECTORS, WILLIAM MILLARD CHOATE, DAVE PRIESTER, COMMITTEE DEFENDANTS (John and Jane Does 1-10), BOARD DEFENDANTS (John and Jane Does 11-20), and SELLING SHAREHOLDERS (John and Jane Does 21 through 35).<br><br>*Defendants*. | Case No. 5:19-cv-00156-BO |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

## INTRODUCTION

This Court granted Defendants' Motions to Dismiss for the straightforward reason that the Complaint in this case fails to allege injury-in-fact. There was no injury, the Court held, because the Plaintiff here did not plausibly allege that she suffered any harm. In reaching that conclusion, the Court did not violate the dictates of *Steel Co.* or engage in any improper determination on the merits of Plaintiff's claim. Rather, the Court concluded that the Plaintiff was not harmed because the Court accepted as true the facts pled—including the Complaint's allegations about the price the ESOP paid for the stock it bought, terms of the transaction, and subsequent valuation—but rejected the legal conclusion the Plaintiff asked the Court to draw from those facts—namely, that the difference between the price the ESOP paid for Choate stock and the post-transaction equity value of Choate alone is sufficient to establish injury-in-fact. That difference does not establish an injury-in-fact, for the reasons explained by the Court: Namely, the alleged drop in stock price is a natural consequence of a debt-financed transaction, does not reflect a drop in the ESOP's equity value and therefore does not establish harm to the Plaintiff (but in fact, as the Court pointed out, benefits the Plaintiff).

Plaintiff now asks the Court to reconsider that judgment. She does so not by marshalling any exceptional circumstances (which might merit reconsideration under Rule 59), or by highlighting a clerical error (which might merit reconsideration under Rule 60). Instead, Plaintiff alleges that the Court committed "manifest errors of fact and law." But this assertion—like the factual allegations underlying the Complaint itself—is wholly unsupported. The Plaintiff conflates a routine standing inquiry, which asks whether the Plaintiff was harmed, with a determination "on the merits" of her claim. That is not the analysis the Court conducted. What Plaintiff really seeks is to rehash the same arguments the Court considered, and rejected, when it granted the Motion to Dismiss. This is not a proper basis for reconsideration, and the Court should deny the Motion.

# ARGUMENT

## I. THE MOTION SHOULD BE DENIED BECAUSE PLAINTIFF CANNOT MEET THE STANDARDS IMPOSED BY RULES 59 AND 60.

Plaintiff's motion is procedurally improper under Federal Rules of Civil Procedure 59(e) and 60(b). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing 11 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2810.1 at 124 (2d ed. 1995)); *see also Rouse v. Nielsen*, 851 F. Supp. 717, 734 (D.S.C. 1994) (citation omitted) ("Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions should be granted sparingly."). A Rule 59(e) motion may only be granted "in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks omitted).

Rule 60 of the Federal Rules of Civil Procedure authorizes the Court to correct a clerical mistake or mistake "whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). It also authorizes the Court to relieve a party from a final judgment, order, or proceeding for, inter alia, mistake, excusable neglect, fraud, newly discovered evidence, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[B]efore a party may seek relief under Rule 60(b), a party first must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted). "Rule 59(e) and 60(b) are not meant to provide 'another shot' when a party is unhappy with the result, but rather are extraordinary remedies, applicable in limited circumstances." *Branch v. Fed. Home Loan Mortg.*, No. 5:04-CV-859-BO, 2006 WL 8438674, at *1 (E.D.N.C. Feb. 14, 2006).

Here, Plaintiff points to neither a clerical mistake, nor any excusable neglect, inadvertence, or surprise, nor does she point to any newly discovered evidence or fraud. Although Plaintiff argues that the order be vacated and that her action be reopened due to "manifest errors of fact and law," *see* ECF No. 40 at 1, she presents no cogent argument in support of this contention and is merely unhappy with the result. Plaintiff has not argued there are any "exceptional circumstances" warranting reconsideration and the analysis should stop here as Plaintiff cannot meet the initial standard under Federal Rules of Civil Procedure 59(e) or 60(b). Although Plaintiff argues otherwise, nothing in the Court's decision qualifies as a "mistake" under the Federal Rules of Civil Procedure 60(b), as the Fourth Circuit has held that a "mistake" under Federal Rules of Civil Procedure 60(b) applies only "in certain limited circumstances . . . [and] has indeed been read to include mistakes by the court . . . . Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). Plaintiff's attempt for the court to "change its mind" is procedurally improper and unavailing and should be summarily denied.

## II. THE COURT CORRECTLY HELD THAT PLAINTIFF LACKS STANDING.

Not only is the Motion for Reconsideration procedurally improper, it is also wrong on the law. The Court's Order and Judgment are legally sound: The Plaintiff lacks standing to pursue her claims because she has not plausibly alleged any injury-in-fact. The Court stated simply: "Plaintiff's mere allegation, contradicted by her own Complaint, that the Choate ESOP overpaid for Choate shares is insufficient to support Article III standing in this case." *See* ECF No. 37 at 7. That legal conclusion and the process by which the Court reached it are correct.

Defendants may challenge a plaintiff's standing at any stage of a case, and the standard that will apply to the Court's adjudication whether a plaintiff has standing will be "dictate[d]" by the "procedural posture of the case." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017), *cert. denied sub*

3

*nom. Beck v. Shulkin*, 137 S. Ct. 2307 (2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). In other words, as the Fourth Circuit plainly has stated: "[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Id.* (quoting *Lujan*, 504 U.S. at 561) (alterations in *Beck*). At the pleading stage, Plaintiff bears the burden to establish standing. *See Lujan*, 504 U.S. at 561. She may do so by alleging facts sufficient for the Court to infer injury-in-fact. A court evaluating whether an injury-in-fact exists will "accept as true [the] allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Beck*, 848 F.3d at 270 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). But the Court will not "apply the same presumption of truth to conclusory statements and legal conclusions contained in [a] complaint." *Id.* (internal quotation marks omitted); *see also Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018) ("We accept the facts of the complaint as true as we would in context of a Rule 12(b)(6) challenge because defendants' motions to dismiss are facial challenges to standing that do not dispute the jurisdictional facts alleged in the complaint.").

That is precisely what the Court did here: It accepted the factual allegations in the Complaint as true. The Court accepted the facts in the Complaint alleging the price the ESOP paid for the stock, the terms of financing the same, and the amount of the December 31, 2016 valuation which was done shortly after the ESOP's purchase of Choate's stock. *See* ECF No. 37 at 2. The Court also noted, correctly, that it "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments." *Id.* at 4-5 (citing *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

For that reason, the Court did not accept—and need not accept—the conclusion that the Plaintiff asked the Court to draw from these facts, namely, that the assertions are sufficient to establish the concrete and particularized harm that Article III standing requires. The "irreducible

constitutional minimum of standing" includes, *e.g.*, that "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is . . . concrete and particularized[.]" *Lujan*, 504 U.S. at 560. In order "[f]or an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560 n.1 and collecting cases). This is as true in ERISA cases as elsewhere. *See, e.g.*, *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012); *Brown v. Medtronic, Inc.*, 628 F.3d 451, 456 (8th Cir. 2010).

No such injury exists here for the reasons the Court explained: the stock value calculation in the Complaint—*even taking the per share numbers as true*—does not support the legal conclusion that the Plaintiff was harmed by the ESOP transaction. Defendants explained why, as a matter of basic finance and common sense, the Complaint's comparison between the value of the sellers' stock in Choate (unencumbered by the debt used to finance the ESOP transaction, as was the case at the time of sale) and the value of the ESOP's investment in Choate after the leveraged ESOP transaction (when Choate was encumbered by ESOP transaction debt) is not "an apples-to-apples comparison." *See* ECF 36 at 16. "The common stock of [the company] exists independently of the debt used to leverage the purchase," and such debt should "not be taken into account" in any valuation of the company before the debt was incurred. *Scott v. Evins*, 802 F. Supp. 411, 416 (N.D. Ala. 1992), *aff'd*, 998 F.2d 1022 (11th Cir. 1993); *see also id.* at 412 n.6 (expressly rejecting the contention that "omission of the contemplated leverage transaction" in a valuation "was error").

The Complaint *asserts* that the facts alleged about the transaction, stock price, and valuation establish that the ESOP overpaid for the stock it purchased, but that assertion is not a fact, it is a conclusion, and simply *stating* that certain facts establish harm does not *ipso facto* make it so. The Court thus properly rejected Plaintiff's "conclusory statements and legal conclusions contained in [a] complaint." *Beck*, 848 F.3d at 270. (internal quotations omitted) It is blackletter law that, for an

injury to be "'concrete'" it "must actually exist." *Spokeo, Inc.*, 136 S. Ct. at 1548. Where it doesn't—because the facts alleged do not support that harm occurred to the Plaintiff—the Complaint must be dismissed.[1]

Contrary to the assertions in the Motion for Reconsideration, this conclusion has nothing to do with "whether Plaintiff can win on the merits." *See* ECF No 40 at 4. The Court's decision made no merits determination: it did not assess whether Defendants did or did not engage in any wrongdoing (and they did not). Rather, it simply concluded, as a matter of law, that the facts as alleged do not demonstrate harm to the Plaintiff such that she can bring this claim as a threshold matter. That is consistent with the Supreme Court's decision in *Steel Co.*—which decided a question of *redressability,* not injury-in-fact—as that case expressly adopts the 12(b)(6) standard explained above, *see* supra at 3-4, upon which this Court relied, and which later Supreme Court cases (like *Twombly*, *Iqbal*, and *Spokeo*) refined. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Plaintiff's incorrect reading of *Steel Co.*, in which every judicial determination tossing a case for lack of standing constitutes an improper decision "on the merits," would mean that *no case* could *ever* be dismissed on Article III standing grounds. That is plainly not the law.

Plaintiff attempts to sidestep her basic pleading failure by wrapping her allegations in a separate case *Brundle on behalf of Constellis Employee Stock Ownership Plan v. Wilmington Tr., N.A.*, 919 F.3d 763, 782 (4th Cir. 2019), *as amended* (Mar. 22, 2019). But that case is not this one, because the plaintiff in that case pled specific facts to establish actual injury. In *Brundle*, the plaintiff in that case pled additional and sufficient facts to establish injury-in-fact. Here, Plaintiff alleges only that the price of Choate stock after the creation of the ESOP was lower than the appraised value of that stock immediately before the creation of the ESOP. In *Brundle*, Plaintiffs made several specific and

---

[1] Moreover, as the Court noted, *see* ECF No. 37 at 7, the injury here is not particularized to the Plaintiff. The general allegations regarding the reduction in value are pled only in the aggregate and not linked to Plaintiff's account.

concrete allegations challenging the valuation used in that ESOP transaction. For example, the *Brundle* plaintiffs alleged that prior valuations another entity performed had consistently resulted in valuations between thirty and forty percent lower than the price the defendant caused the ESOP to pay for the business; that the business' stock had underperformed compared to similarly-sized US companies in the year prior to the transaction at issue; and that these factors had not been taken into account when analyzing the valuation generated for the ESOP transaction. Third Am. Compl. at ¶¶ 22-25, *Brundle v. Wilmington Trust, N.A.*, 258 F.Supp. 3d 647 (E.D. Va. 2017), ECF No. 131. The *Brundle* Plaintiffs also alleged that the business was sold seven months after the ESOP transaction for forty percent less than what the ESOP had paid, and that they were aware of no material changes in circumstance that would cause such a drop in value. *Id.* at ¶¶ 17, 28. The *Brundle* Plaintiffs' separate, specifically-described challenges to the ESOP transaction at issue stand in sharp contrast to the lack of any specific challenges to the ESOP transaction in this case, where Plaintiff elected to rely solely upon the alleged drop in stock value.

### III. THE REMAINDER OF PLAINTIFF'S ARGUMENT IS WELL-TRODDEN GROUND THAT DOES NOT MERIT RECONSIDERATION.

The remainder of Plaintiff's arguments in support of the Motion for Reconsideration are simply rehashed versions of the arguments she made in opposing the Motion to Dismiss—and each fails for the reasons Defendants previously explained. The Court need not reconsider its Order simply to address these points (though, if it chooses to do so, it can reject them for the reasons Defendants explained in their Motions to Dismiss). In all events, as explained *supra* at Sec. I, none of this argument is a proper basis for a Motion for Reconsideration.

First, nothing else in the Complaint establishes standing. The Complaint (and now the Motion for Reconsideration) alleges various irrelevant facts—including the use of warrants, reliance on Stout as a valuation firm, or suspected presence of a DOL investigation. Where these allegations

are not inflammatory (e.g., the allegations about Stout and the DOL investigation), they are wholly meritorious for the reasons Defendants already explained. *See* ECF No. 33 at 13-15. Nothing about any of these allegations changes the legal conclusion the Court reached regarding the failure to establish injury-in-fact.

Second, Plaintiff's argument that she has standing to pursue her claim for injunctive relief—made here in only a footnote, *see* ECF No. 40 at 8—fails for the reasons Defendants explained, namely, that Article III's dictates apply with equal force to claims for injunctive relief, and that no plaintiff is entitled to injunctive relief unless they can show a substantial likelihood of future harm. *See Payne v. TR Assocs., LLC*, 880 F. Supp. 2d 702, 704–05 (E.D.N.C. 2012) (Boyle, C.J.) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)); *see also* ECF No. 31 at 9-10. Plaintiff's Opposition to the Motion to Dismiss does not wrestle seriously with this argument. The Motion for Reconsideration says even less.

Third, the suggestion in the Motion for Reconsideration that the Court's mortgage analogy is inapt because it compares a leveraged home purchase to leveraged stock purchase is unfounded. *See* ECF No. 40 at 9-10. The Court's analogy is simply that—*an analogy*. The factual distinctions Plaintiff purports to draw, *e.g.*, that a house is a "static piece of real estate" speak to no difference in the economic principle governing debt-financed transactions underlying both purchases. There is nothing inherently more "risk[y]" or "complicat[ed]" between a leveraged transaction for purposes of a home purchase and a leveraged transaction for purposes of a stock purchase. The basic economic principles—on which the Court may rely—are the same *regardless* of the object being purchased.

8

Case 5:19-cv-00156-BO   Document 41   Filed 09/25/19   Page 9 of 12

## IV. NUMEROUS OTHER GROUNDS SUPPORT THE COURT'S ORDER DISMISSING THIS COMPLAINT.

Even if this court were to entertain reconsidering its decision to dismiss the Complaint on the basis of standing—which it need not do—it is critical to note that it would have been equally proper for the Court to have dismissed Plaintiff's complaint for the separate and independent reason that the factual allegations were insufficient to state any claims against the Defendants. *See* Argent Trust Company's Suggestions in Support of Motion to Dismiss, ECF No. 31 at 10-19; Choate Defendants' Memorandum of Points and Authorities, ECF No. 33 at 8-23. Because this argument—that the Complaint fails to state a claim—is a separate and equally valid reason to dismiss the Complaint in its entirety (and with prejudice), if the Court is considering granting the Motion for Reconsideration on the basis of standing, Defendants urge the Court to consider dismissal of the case with prejudice for failure to state a claim for all of the reasons explained in the Motions to Dismiss.

## CONCLUSION

The Court correctly concluded that the Plaintiff lacked standing because she did not establish injury-in-fact. In doing so, the Court committed no error of law, and nothing in Plaintiff's Motion for Reconsideration merits revisiting that legal conclusion. Defendants' ask the Court to deny the Motion for Reconsideration or, in the alternative, to grant the motion, affirm its ruling on standing and rule in the alternative that the Court would have dismissed this Complaint for failure to state a claim.

Dated: September 25, 2019

By: */s/* Lynn E. Calkins

Clay C. Wheeler (N.C. Bar # 38713)
KILPATRICK TOWNSEND & STOCKTON LLP
4208 Six Forks Road
Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1717
Facsimile: (919) 510-6127
Local Civil Rule 83.1(d) Counsel

Lynn E. Calkins (District of Columbia Bar #445854)
Jessica L. Farmer (District of Columbia Bar #1023024)
HOLLAND & KNIGHT
800 17th Street, N.W., Suite 1100
lynn.calkins@hklaw.com
jessica.farmer@hklaw.com
Washington, D.C. 20006
Telephone: (202) 955-3000
Facsimile: (202) 955-5564

*Attorneys for Choate Defendants*

Respectfully submitted,

By: */s/* Jeffrey S. Russell

Benjamin F. Sidbury (N.C. Bar #27081)
BRYAN CAVE LEIGHTON PAISNER LLP
One Wells Fargo Center
301 S. College Street, Suite 3900
Charlotte, NC 28202
ben.sidbury@bclplaw.com
Telephone: (704) 749-8999
Facsimile: (704) 749-8990

Jeffrey S. Russell (Missouri Bar #35158)
Barbara A. Smith (Missouri Bar #66237)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 N. Broadway, Suite 3600
jsrussell@bclplaw.com
barbara.smith@bclplaw.com
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

*Attorneys for Defendant Argent Trust Co.*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on September 25, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                   /*s*/ Jeffrey S. Russell