UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| SHARON LEE on behalf of herself individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARGENT TRUST COMPANY, CHOATE CONSTRUCTION COMPANY ESOP COMMITTEE, CHOATE CONSTRUCTION COMPANY BOARD OF DIRECTORS, WILLIAM MILLARD CHOATE, DAVE PRIESTER, MEMBERS OF THE CHOATE CONSTRUCTION COMPANY ESOP COMMITTEE (John and Jane Does 1-10), MEMBERS OF THE CHOATE CONSTRUCTION COMPANY BOARD OF DIRECTORS (John and Jane Does 11-20), and SELLING SHAREHOLDERS (John and Jane Does 21-35)<br><br>Defendants. | Case No.: 5:19-cv-00156<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |

Plaintiff writes on reply only to address several new arguments raised in Defendants' Opposition to Plaintiff's Motion for Reconsideration, ECF No. 41. For the following reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion for reconsideration, ECF No. 39, vacate its order and judgment dismissing this case, and reopen this action.

I.   ARGUMENT

   A.   <u>A Motion for Reconsideration is Proper to Correct Clear Errors of Law in the Fourth Circuit</u>

Defendants have raised in their opposition to Plaintiff's motion for reconsideration that the motion is procedurally improper because there are no "exceptional circumstances" warranting

reconsideration. Defendants' Opposition to Plaintiff's Motion for Reconsideration at 3, ECF No. 41 ("Opp."). But the Fourth Circuit permits motions for reconsideration in precisely these circumstances—to correct clear errors of law. *See Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (stating that there are three grounds for amending an earlier judgment, including "to correct a clear error of law"); *see also DirectTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 319 (E.D.N.C. 2004) (reversing dismissal of plaintiff's claim on a motion for reconsideration).

In her motion for reconsideration, Plaintiff points out several clear errors of law in the August 7, 2019 opinion. First, the Court made a determination of the merits of Plaintiff's claims, which directly contradicts long-standing Supreme Court precedent on constitutional standing in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998). Plaintiff's Motion for Reconsideration at 3-5, ECF No. 39 ("Motion"). The Court assumed that the Company's valuation was undervalued rather than overvalued, as Plaintiff alleged, and relied on that assumption in its standing analysis. *Id*. Moreover, the Court improperly applied the Rule 12(b)(6) standard that requires the Court to take Plaintiff's allegations as true, Motion at 6-7, placed the burden of establishing a prohibited transaction on Plaintiff, contrary to Fourth Circuit law, Motion at 7-8, and applied the "gift theory," concluding that the later appreciation of the stock meant Plaintiff had not suffered injury, which has been rejected by the Fourth Circuit, Motion at 11.

These errors contradict longstanding precedent of both the Supreme Court and the Fourth Circuit; accordingly, the Court should take this opportunity to reconsider its opinion to correct these errors.

B. The Standing Analysis under *Brundle* Is Identical to This Case

The central allegations and theory of injury in this case and in *Brundle v. Wilmington Trust, N.A.*, 258 F. Supp. 3d 647 (E.D. Va. 2017), *aff'd*, 919 F.3d 763 (4th Cir. 2019), are the same. The

*Brundle* Complaint alleges that in December 2013, the Trustee caused the ESOP to purchase all common stock of the Company, Constellis, for $201 million, or about $4,235 per share, taking on debt of $152 million from the selling shareholders to execute that purchase. Third Amended Complaint ¶¶ 12-14, *Brundle v. Wilmington Tr.*, No. 1:15-cv-1494-LMB-IDD, 2016 WL 7428838 (E.D. Va. July 5, 2016), ECF No. 136 ("*Brundle* Complaint"). Constellis was sold about seven months later for a value of $119 million, or about 40% less than the ESOP's purchase price. *Id*. ¶¶ 16-17. As the *Brundle* Complaint explains, "[t]he massive decline in the value of Constellis in just seven months cannot plausibly be explained by anything other than a deficient valuation of Constellis on behalf of the ESOP as part of the ESOP transaction." *Id*. ¶ 21.

The allegations here are the same. Plaintiff alleged that the Trustee caused the ESOP to purchase 80% of outstanding common stock of Choate for $198 million, or $24.75 per share. Complaint ¶¶ 4, 42, ECF No. 1. The ESOP acquired $198 million in debt to fund this purchase. *Id*. ¶ 45. The Choate stock was valued at $8.10 per share just two weeks after the ESOP purchased it, a loss in value of $16.65 per share. *Id.* ¶¶ 52-53. Plaintiff made the same allegation as the *Brundle* plaintiff—that the massive drop in value pointed towards a deficient valuation of the Company. *Id.* ¶¶ 55-56.

Defendants attempt to distinguish this case from *Brundle* by stating that there were specific allegations in the *Brundle* Complaint that challenge the accuracy of the valuation. Opp. at 7. But this argument is unavailing for several reasons. First, Plaintiff has also identified errors made in the valuation in her Complaint: she claimed that the valuation "did not fully account for the negative effects of the warrants on the value of the 8 million shares the ESOP purchased," which diluted the ESOP's interest in the Company and allowed the Selling Shareholders to retain control. Complaint ¶¶ 6, 56. Second, the *Brundle* Complaint is the Third Amended Complaint filed by the

3
Case 5:19-cv-00156-BO   Document 42   Filed 10/02/19   Page 3 of 7

plaintiff, and the *Brundle* docket reflects that the parties had already engaged in discovery by the time the Third Amended Complaint was filed, giving the *Brundle* plaintiff the opportunity to bolster his complaint with additional factual allegations learned through discovery. Plaintiff has had no such opportunity to discover the precise errors in the valuation and has been denied access to the valuation by the Defendants. It is unremarkable that a fourth iteration of a complaint developed with the benefit of discovery has more factual detail than an initial complaint where plaintiff lacks access to inside information. Moreover, the core allegations of this Complaint are similar to the allegations made in the *Brundle* first amended complaint, which was sustained by the court in ruling on a motion to dismiss. *Compare* Complaint *with* First Amended Complaint, *Brundle*, No. 1:15-cv-1494-LMB-IDD (E.D. Va. Dec. 28, 2015), ECF No. 14. Finally, the allegations Defendants cite in the *Brundle* Complaint do not alter the fact that the theory of injury in *Brundle* and this case are the same and would be treated the same under any analysis of standing—the Trustees caused the ESOPs to overpay for the Company's stock based on an incorrect valuation, causing the ESOP to take on massive amounts of debt and harming the plaintiffs and the classes.

Because this case is identical to *Brundle* for purposes of injury and constitutional standing, the Court should vacate its prior order dismissing this case.

        C.      <u>Plaintiff Has Standing to Pursue her Claim for Injunctive Relief</u>

Finally, Defendants address Plaintiff's argument that she has standing to pursue a claim for injunctive relief and state that Plaintiff must show a substantial likelihood of future harm for this claim. Opp. at 8. But Plaintiff has alleged both current and future harm, so this argument is meritless.

As a preliminary matter, Plaintiff is a current participant in the ESOP and would benefit from any injunctive relief obtained, including removal of the Trustee or the fiduciaries,[1] Complaint ¶ 14. Moreover, the ERISA violations alleged in the Complaint are not past violations—they are ongoing. As the Complaint explains, the ESOP must continue making loan payments on the debt used to complete the ESOP's purchase of the Company until year 2041. *Id*. ¶ 47. These loan payments are inflated because they are based on the improper valuation, which causes injury to Plaintiff and the Class on a continuing basis as the ESOP continues making inflated payments to the Company and Selling Shareholders. Accordingly, the Court should grant Plaintiff's motion for reconsideration and vacate its judgement. Plaintiff should be permitted to seek injunctive relief against the ongoing inflated payments for purchase of the Company.

Dated: October 2, 2019

Respectfully submitted,

_/s/ Martha Geer_____
Martha Geer
N.C. Bar No. 13971
**COHEN MILSTEIN SELLERS & TOLL PLLC**
150 Fayetteville Street, Suite 980
Raleigh, NC 27601
Telephone: (919) 890-0560
Facsimile: (919) 890-0567
mgeer@cohenmilstein.com

Michelle C. Yau
Karen L. Handorf
Jamie L. Bowers

---

[1] As addressed in more detail in Plaintiff's opposition to the motions to dismiss, ECF No. 36 at 15, courts have repeatedly held that violations of ERISA are sufficient grounds to seek removal of a fiduciary to an ERISA plan. *See, e.g.*, *Shaver v. Operating Eng'rs Local 428 Pension Tr. Fund*, 332 F.3d 1198, 1203-04 (9th Cir. 2003) (instructing district court to consider removal of fiduciaries should they be found to have breached their fiduciary duties); *Beck v. Levering*, 947 F.2d 639, 641 (2d Cir. 1991) (affirming removal of fiduciaries who engaged in egregious self-dealing); *Martin v. Feilen*, 965 F.2d 660, 672 (8th Cir. 1992) (affirming permanent injunction against defendants who "repeatedly used their fiduciary control over the [employee stock ownership plan's] assets to profit from self-dealing").

**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005-3934
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
myau@cohenmilstein.com
khandorf@cohenmilstein.com
jbowers@cohenmilstein.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

/s/ Jamie Bowers<br>
Jamie Bowers