IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:19-CV-156-BO

| | |
|---|---|
| SHARON LEE on behalf of herself individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ARGENT TRUST COMPANY, CHOATE )<br>CONSTRUCTION COMPANY ESOP )<br>COMMITTEE, CHOATE CONSTRUCTION )<br>COMPANY BOARD OF DIRECTORS, )<br>WILLIAM MILLARD CHOATE, DAVE )<br>PRIESTER, COMMITTEE DEFENDANTS )<br>(John and Jane Does 1-10), BOARD )<br>DEFENDANTS (John and Jane Does 11-20), )<br>and SELLING SHAREHOLDERS (John and )<br>Jane Does 21-35), )<br>)<br>Defendants. ) | ORDER |

This matter is before the Court on plaintiff's motion for reconsideration of the Court's order granting defendants' motion to dismiss. [DE 39]. Defendants have responded, plaintiff has replied, and the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the procedural and factual background set forth in its order granting the motion to dismiss. [DE 37]. In its order, the Court concluded that plaintiff had not suffered any injury, and thus lacked standing to pursue her claims. *Id.* The Court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Id.* Plaintiff now asks the Court to reconsider its decision. She has moved under Fed. R. Civ. P. 59(e) to alter or amend the judgment. In her brief, plaintiff also requests

relief from judgment due to mistake, inadvertence, surprise, or excusable neglect pursuant to Fed. R. Civ. P. 60(b). Plaintiff is not entitled to relief from judgment on either ground.

## DISCUSSION

In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances which justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)). Alteration or amendment of a judgment "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

Plaintiff argues that the Court's order contains both legal and factual errors. The Court has considered plaintiff's arguments and concludes that it committed no clear legal error in its decision. Contrary to plaintiff's argument, the Court did not conduct a merits determination of plaintiff's claims, but rather considered, on a properly presented motion to dismiss for lack of subject matter jurisdiction, whether the allegations in plaintiff's complaint, when taken as true, sufficiently alleged that plaintiff suffered an injury fairly traceable to defendants. Rule 59(e) is intended to allow a Court to correct its own errors in order to spare the parties and the appellate courts the burden of unnecessary appeals – it is not an avenue through which a party may relitigate issues that have been decided or raise arguments that could have been presented previously. *Pac. Ins. Co.*, 148 F.3d at 403. Plaintiff's arguments in her instant motion that she has standing to pursue

her claims were raised in her opposition to the motion to dismiss and she has failed to establish that she is entitled to Rule 59(e)'s extraordinary remedy.

Nor has plaintiff demonstrated that she is entitled to relief under Fed. R. Civ. P. 60(b)(1), which permits a court "on motion and just terms" to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A party must first demonstrate timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances before seeking relief under Rule 60(b). *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation omitted). "It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Id.*

Plaintiff's arguments fail to identify any exceptional circumstances which would permit consideration of a Rule 60(b) motion. Plaintiff's request for reconsideration under Rule 60(b)(1) is not any different in kind from a proper appeal and it is therefore denied.

## CONCLUSION

For the above reasons, plaintiff's motion for reconsideration [DE 39] is DENIED.

SO ORDERED, this **14** day of November, 2019.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

3